**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| EMMANUEL ROSADO TORRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-CV-421 (MTT) |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS INTERDICTION ) | |
| RESPONSE TEAM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Plaintiff Emmanuel Rosodo Torres filed this complaint and moved to proceed *in forma pauperis*. Docs. 1; 2. The Court granted his motion to proceed IFP and ordered Torres to file an amended complaint within fourteen days to clarify the party from whom he seeks relief, but Torres failed to file an amended complaint.[1] *Id.* at 2-3. Accordingly, the Court moves forward with screening Torres's original complaint (Doc. 1) as written.

Pursuant to 28 U.S.C. § 1915(a), the Court must review Torres's complaint and must dismiss if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief

---

[1] From the complaint and motion to proceed IFP, it is unclear whether Torres states a claim against the Georgia Department of Corrections, the Georgia Department of Corrections Interdiction Response Team, or individuals within the Interdiction Response Team. The Court relies on Torres's complaint, rather than this motion to proceed IFP, and construes that his claims are against the Georgia Department of Corrections Interdiction Response Team. In ordering Torres to amend, the Court stated that it appeared he may be attempting to seek relief from a party from whom monetary relief may not be sought. However, Torres's claims are based on Title VII and are therefore not subject to Eleventh Amendment immunity. *In re Employment Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999) (quoting *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976)); *Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir. 1989). Accordingly, and considering that the Court construes pro se complaints liberally, the Court allows the complaint to proceed despite Torres's failure to comply with the Court's order. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks and citation omitted) (stating that pro se filings are construed liberally).

may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Torres brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging that his former employer, the Georgia Department of Corrections Interdiction Response Team, subjected him to discrimination and harassment based on his race and national origin. Although not artfully pled, construed liberally and in the light most favorable to the plaintiff, Torres's complaint states sufficient factual allegations to state a claim for relief and thus passes muster under 28 U.S.C. § 1915(e)(2)(B). Accordingly, Torres's claims shall go forward, and the Court **ORDERS** service on the Defendant by the United States Marshal Service.

**SO ORDERED**, this the 1st day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT