# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EMMANUEL ROSADO TORRES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-421-MTT |
| GEORGIA DEPARTMENT OF CORRECTIONS INTERDICTION RESPONSE TEAM, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Emmanuel Rosado Torres has moved for counsel to be appointed to represent him. Doc. 22. Torres, who is currently on active duty in the United States Army and is proceeding *in forma pauperis*, alleges a claim of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against his former employer, Defendant Georgia Department of Corrections Interdiction Response Team. Docs. 1; 8; 13. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Nevertheless, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Rather, "it is a privilege that is justified only by exceptional circumstances." *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Based on the information presented to the Court, this race discrimination claim does not present

"exceptional circumstances" that would warrant the appointment of counsel.

Accordingly, Torres's motion to appoint counsel (Doc. 22) is **DENIED**.

    **SO ORDERED**, this 18th day of July, 2018.

                                                      S/ Marc T. Treadwell
                                                      MARC T. TREADWELL, JUDGE
                                                      UNITED STATES DISTRICT COURT