**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **EMMANUEL ROSADO TORRES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:17-CV-421-MTT** |
| | ) | |
| **GEORGIA DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

After learning from Defendant Georgia Department of Corrections that Plaintiff Emmanuel Rosado Torres was uncooperative with the Defendant's efforts to confer regarding scheduling and discovery deadlines, the Court ordered both parties to appear for a hearing on August 15, 2018. Doc. 24. The Plaintiff failed to appear for the hearing. The Court then ordered that the Plaintiff show cause by August 30, 2018 why his case should not be dismissed for failure to comply with the Court's orders. Doc. 26. After that Order was entered, the Order setting the hearing for August 15, 2018 was returned as undeliverable. Doc. 27. The Plaintiff has since updated his address (Doc. 28), and the Clerk's Office mailed to the new address copies of the Order for the parties to appear at the August 15 hearing (Doc. 24), the minute sheet of proceedings at that hearing (Doc. 25), and the Order to show cause (Doc. 26). The Plaintiff failed to respond, and the Court issued a second show-cause Order, giving the Plaintiff until November 12, 2018, to show cause why his case should not be dismissed for failure to comply with the Court's orders. Doc. 29.

The Plaintiff has had ample time to respond to that Order, but has failed to do so. The Plaintiff, having failed to respond to the Court's Order to show cause, has made no showing of good cause. Accordingly, the Plaintiff's complaint is **DISMISSED without prejudice**.[1] *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 6th day of December, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears the statute of limitations may have run or is about to run on the Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered the Plaintiff to comply with its orders and specifically warned the Plaintiff that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (same).